UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL BREINHOLT,<br><br>              Petitioner,<br><br>v.<br><br>LAWRENCE WASDEN, Idaho<br>Attorney General,<br><br>          Respondent. | Case No. 1:13-cv-00147-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court is Petitioner Michael Breinholt's Amended Petition for Writ of Habeas Corpus. (Dkt. 3.) The Amended Petition is now fully briefed. (Dkt. 10, 34, 37.)[1]

Also pending are various motions for extensions of time, as well as Petitioner's Motion for Reconsideration of the Court's denial of his motion for leave to file a second amended petition (Dkt. 30), and Petitioner's Motion to Strike Respondent's Produced Documents (Dkt. 35).

---

[1]     Petitioner's objection (Dkt. 40) that Respondent's Sur-reply (Dkt. 37) was unauthorized is groundless. The Court expressly granted Respondent the opportunity to file a sur-reply. (Dkt 29 at 4). Although Petitioner's objection—which contains arguments in response to Respondent's Sur-reply—is itself unauthorized, (*see* Dkt. 2 at 7), the Court has reviewed and considered the objection in ruling on the Amended Petition.

**MEMORANDUM DECISION AND ORDER - 1**

All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 7.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record, and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order dismissing the Amended Petition in part, denying the Amended Petition in part, and dismissing this entire action with prejudice.

## PETITIONER'S MOTION TO RECONSIDER

### 1.    Background

On November 5, 2014, the Court denied Petitioner's motion for leave to file a second amended petition. (Dkt. 29.) The basis of Petitioner's motion to amend was the dismissal of charges against Rick Koerber, Petitioner's "mentor," in a separate criminal case in the United States District Court for the District of Utah. Petitioner asks that the Court reconsider its denial of his motion to amend. (*Id.*)

### 2.    Standard of Law and Discussion

A federal district court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the

**MEMORANDUM DECISION AND ORDER - 2**

claims and all the parties' rights and liabilities."). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

Petitioner has not pointed to any extraordinary circumstances that would warrant reconsideration of the Court's previous order denying Petitioner's motion to file a second amended petition, and the Court has not found sufficient cause for reconsideration. Therefore, Petitioner's Motion to Reconsider will be denied.

## PETITIONER'S MOTION TO STRIKE

Petitioner has also filed a Motion to Strike some of the documents purportedly lodged with the Court by Respondent. Petitioner vaguely states that Respondent "placed into the record depositions, news articles, witnesses, and testimony that has new law and they are no longer pertinent to the case." (Dkt. 35 at 1.) Petitioner asks the Court to strike the following documents:

- A news article regarding Petitioner's mentor, Rick Koerber, whose federal charges in Utah have been dismissed;

- An institute manual for Franklin Squires that includes Benjamin Gee Hadfield's handwriting;

- An "action against Rick Koerber from Cheyenne, Wyoming";

- Any documents containing allegations against Rick Koerber or Gabriel Joseph, two individuals with whom Petitioner had business dealings;

**MEMORANDUM DECISION AND ORDER - 3**

- The deposition and testimony of Benjamin Hadfield; and

- The deposition of Blake Hansen.

(Dkt. 35.)

The Court was unable to locate all of these documents in Respondent's lodging. Even assuming, however, that these documents were, in fact, lodged by Respondent, the Motion to Strike must be denied. Petitioner does not contend that any of these documents are not part of the state court record, which the Court is required to review in this habeas corpus proceeding.

## CONSIDERATION OF THE AMENDED PETITION

### 1.    Background

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on May 16, 2014. (Dkt. 11.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Petitioner and his father invested money with Rick Koerber and Gabriel Joseph in an investment scheme that offered investors promissory notes promising a high rate of return. (State's Lodging A-2 at 66-67.) The investors usually purchased the promissory notes by taking out home equity loans. (*Id*.) Later, Petitioner began his own similar investment scheme and eventually "became the active solicitor in these investment relationships," taking money from others in return for promissory notes. (*Id*. at 68.)

The scheme eventually fell apart. After the Idaho Department of Finance sued Petitioner in a civil case, Petitioner admitted to committing fraud under the Idaho Uniform Securities Act, Idaho Code § 30-14-501, and stipulated to a judgment against

**MEMORANDUM DECISION AND ORDER - 4**

him for $5 million. (State's Lodging B-15 at 1.) Judge Patrick H. Owen presided over the civil case.

An Idaho grand jury later indicted Petitioner, in Ada County, on "eight counts of securities fraud, seven counts of selling unregistered securities, two counts of grand theft, and six sentencing enhancements for knowingly accepting money representing equity in a person's home in connection with committing securities fraud." (*Id.*) Like the civil case, Petitioner's criminal case was assigned to Judge Owen.

Petitioner fired his private counsel, who then moved to withdraw. (State's Lodging A-1 at 154-63.) The trial court granted the motion to withdraw and initially denied Petitioner's request to represent himself.[2] (*Id.* at 179-86.) Later, Petitioner was allowed to represent himself with the assistance of a public defender as stand-by counsel. (*Id.*; State's Lodging A-2 at 2-3.)

Petitioner submitted several pro se filings to the state district court, including a "Motion in Limine to Dismiss Criminal Complaint," in which Petitioner argued (among other things) that Judge Owen should recuse himself because he had presided over the civil case against Petitioner filed by the Idaho Department of Finance. (State's Lodging A-1 at 261-64.) Due to a scheduling conflict, a substitute judge presided over a hearing that was set initially for the parties' pretrial motions, including the motion to dismiss, and for trial. (State's Lodging A-2 at 1-2.) However, at the beginning of that hearing, the

---

[2]       Petitioner does not contend in his Amended Petition that he was denied his constitutional right to counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963), that he was denied the effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), or that he was improperly denied the right to represent himself under *Faretta v. California*, 422 U.S. 806 (1975).

**MEMORANDUM DECISION AND ORDER - 5**

court was informed that the prosecutor and Petitioner had reached a plea agreement. (*Id.* at 2-4.)

After an extensive plea colloquy, Petitioner entered an *Alford* [3] plea to four counts of selling unregistered securities, under Idaho Code §§ 30-14-301 and 30-14-508. The remaining charges were dismissed. (State's Lodging B-15 at 2.) At the end of the plea hearing, the substitute judge noted Petitioner's request to disqualify Judge Owen and informed Petitioner, "So if you want him to get off the case now, you need to bring it to his attention, state your basis and let him make a ruling." (State's Lodging A-2 at 34.) Petitioner responded, "Okay." (*Id.*) It does not appear that Petitioner filed a motion to disqualify Judge Owen after the plea hearing.

Petitioner retained new counsel to represent him at sentencing. Judge Owen recognized that Petitioner was, in a sense, as much a victim as he had victimized others. (*Id.* at 66.) Petitioner had been told, by his associates Rick Koerber and Gabriel Joseph, that the investment scheme consisted of legitimate business transactions; therefore, Judge Owen noted that Petitioner's case was "unusual . . . for sentencing." (*Id.*) Nonetheless, the court stated that Petitioner's being a victim "only takes you so far down this road," and that Petitioner should have known that he was dealing in unregistered securities. (*Id.* at 68-70.) Also factoring into the court's sentencing decision was Petitioner's

---

[3]     An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER - 6**

"extravagant lifestyle," which he supported by actively using other people's money obtained in the scheme of selling unregistered securities. (*Id*. at 73.)

After considering all of these factors, the court withheld judgment and placed Petitioner on probation for 20 years, with the condition that Petitioner serve 180 days in jail. (*Id*. at 74-75.) Petitioner appealed pro se.

Petitioner submitted numerous filings in the Idaho Supreme Court in an effort to obtain transcripts from the hearings in his case. These filings did not comply with the procedural rules of the court. Therefore, the Idaho Supreme Court allowed Petitioner to file a motion to augment the record on appeal, requiring Petitioner to "identify each and every transcript that [Petitioner] seeks, showing the relevance of each transcript to the issues on appeal." (State's Lodging B-8.)

In response, Petitioner moved to augment the record, seeking transcripts of twelve different hearings: (1) an August 7, 2009 hearing in which Judge Owen allegedly "coerced and threatened" Petitioner, violated his Fifth Amendment right to be free from self-incrimination, and "read aloud the indictment . . . and added the threat that [Petitioner] was facing 185 years in prison; (2) a September 25, 2009 hearing when Judge Owen purportedly stated that Petitioner was a "nutcase" and held Petitioner in contempt of court; (3) a November 4, 2009 hearing when Judge Owen initially denied Petitioner's request to represent himself; (4) a November 18, 2009 hearing when Judge Owen allegedly stated "Lies, Lies, Lies," following a statement from Petitioner's new counsel; (5) a December 10, 2009 hearing when Petitioner's counsel waived Petitioner's speedy trial rights; (6) a January 7, 2010 hearing when Petitioner's counsel made a statement

**MEMORANDUM DECISION AND ORDER - 7**

contrary to Petitioner's instructions and discussed "his payment of fees which is a confidential issue and should not have been raised or disclosed"; (7) a February 5, 2010 hearing, in which Petitioner's counsel waived Petitioner's right to challenge a mental evaluation and his right to a speedy trial; (8) a June 25, 2010 hearing when Petitioner informed the trial court that he had fired his attorney; (9) a June 25, 2010 hearing, in which Judge Owen denied Petitioner's request to have his father—who was not licensed to practice law in Idaho—represent him, but allowed Petitioner to represent himself and ordered standby counsel; (10) a July 2, 2010 hearing when Petitioner was allegedly "deprived of the representation by Standby Counsel," and made statements regarding his indigence; (11) the November 17, 2010 change-of-plea hearing; and (12) the February 2, 2011 sentencing hearing. (State's Lodging B-9.)

The Idaho Supreme Court granted Petitioner's request for the preparation and production of two transcripts: (1) the change-of-plea hearing held on November 17, 2010; and (2) the sentencing hearing held on February 2, 2011. The court denied Petitioner's request for the remaining transcripts without substantive comment. (State's Lodging B-10.)

Petitioner next filed a state habeas petition with the Idaho Supreme Court, again stating that he needed all of the transcripts he previously identified, noting that "[o]ne of the most vital transcripts is from the hearing wherein Judge Own [sic] brought into the Courtroom during the criminal the Civil Case [sic] filed by the Idaho Department of Finance, which Judge Own [sic] also presided over, and at the beginning of the hearing used specific documents from that case in the criminal case." (State's Lodging B-11 at 2.)

**MEMORANDUM DECISION AND ORDER - 8**

Petitioner alleged that denial of the ten transcripts violated his rights under the Fifth, Sixth, and Fourteenth Amendments. Petitioner also claimed that he should not have been required to identify, and show the relevance of, each transcript he requested, and that the Idaho Supreme Court or the court clerk "may be attempting to hide and/or protect Judge Own [sic] from being reviewed for abuse of discretion." (*Id*. at 1-3.) The Idaho Supreme Court construed the habeas petition as a motion for reconsideration of its partial denial of Petitioner's request for transcripts and denied the motion. (State's Lodging B-12.)

In his brief on direct appeal, Petitioner argued only that Judge Owen was biased because he had presided over Petitioner's civil case, and that Judge Owen "should not have brought any of the documents from the Civil action into the Court." (*Id*. at 7.) The Idaho Supreme Court assigned the case to the Idaho Court of Appeals.

The court of appeals construed Petitioner's argument that Judge Owen should have been disqualified as based on two potential theories: (1) that the substitute judge should have construed Petitioner's motion to dismiss as a motion to disqualify Judge Owen and should have granted the motion; and (2) that Judge Owen should have recused himself sua sponte—or on the court's own motion. (State's Lodging B-15 at 2.)

With respect to the argument that the substitute judge should have granted Petitioner's request for disqualification of Judge Owen as set forth in his motion to dismiss, the Idaho Court of Appeals held that the motion did not satisfy the requirements for a motion to disqualify a judge for cause. (*Id*.) Alternatively, the court held that Petitioner was barred, based on the doctrine of invited error, from challenging any failure to grant the request to disqualify: Petitioner did not file a motion to disqualify Judge

**MEMORANDUM DECISION AND ORDER - 9**

Owen after the substitute judge informed Petitioner he could do so, and, therefore, he invited any error. (*Id.* at 3.)

As to the argument that Judge Owen should have disqualified himself for cause sua sponte, the Idaho Court of Appeals determined that Judge Owen had no "personal knowledge of disputed evidentiary facts" and that Judge Owen's impartiality could not reasonably be questioned. (*Id.* at 3-5.) Petitioner sought review in the Idaho Supreme Court, which denied his petition for review. (State's Lodging B-16 & B-18.)

Petitioner now seeks federal habeas relief. In his Amended Petition for Writ of Habeas Corpus,[4] Petitioner asserts the following claims:

Claim 1: That Petitioner was deprived of his due process rights[5] when the Idaho Supreme Court partially denied his request for transcripts on appeal;

Claim 2: That the "Idaho Supreme Court and/or the Clerk of the Idaho Supreme Court . . . intentionally hid[] and/or willfully changed the recorded transcript to protect Judge Owen from being reviewed for abuse of discretion";

Claim 3: That, because Judge Owen had previously presided over the civil case against Petitioner brought by the Idaho Department of Finance, Petitioner's due process rights were violated either by (a) the substitute judge's failure to construe Petitioner's "Motion in Limine to Dismiss Criminal Complaint" as a motion to disqualify Judge Owen, and the

---

[4]      The initial Petition and Amended Petition are virtually identical, save for the identification of the appropriate Respondent. (*Compare* Dkt. 1 *with* Dkt. 3.)

[5]      Petitioner cites the Fifth, Sixth, and Fourteenth Amendments as the bases for relief with respect to Claim 1. However, the Fifth Amendment's Due Process Clause applies only to the federal government, not to the states, and the Sixth Amendment does not contain a due process clause. Therefore, the Court will construe Claim 1 as asserting only a violation of the Fourteenth Amendment's Due Process Clause.

**MEMORANDUM DECISION AND ORDER - 10**

substitute judge's failure to grant that motion, or (b) Judge Owen's failure to recuse himself sua sponte[6]; and

Claim 4:    That Judge Owen coerced Petitioner into pleading guilty, by bringing "the unauthorized documents from the Civil case into the criminal record as evidence that Petitioner was informed would be used in the Jury Trial," and thereby rendering Petitioner's guilty plea involuntary and in violation of due process.

(Am. Pet., Dkt. 3, at 3-5.)[7]

## 2.    Claims 3(a) and 4 Are Procedurally Defaulted and Must Be Dismissed

Respondent argues that Claim 1, 2, 3(a), and 4 are procedurally defaulted. For the reasons that follow, the Court concludes that Claims 3(a) and 4 are procedurally defaulted and must be dismissed, but that Claims 1 and 2 were adjudicated on the merits by the Idaho Supreme Court and, therefore, are not procedurally defaulted.

### A.    Standard of Law Governing Procedural Default

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of

---

[6]    It is unclear whether Petitioner asserts one or both of these claims in the Amended Petition. Therefore, like the Idaho Supreme Court on direct appeal, this Court will address both (a) the substitute judge's actions in not granting Petitioner's Motion in Limine to Dismiss Criminal Complaint, which included allegations that Judge Owen was biased, and (2) Judge Owen's failure to recuse himself sua sponte. (*See* State's Lodging B-2.)

[7]    Because Petitioner did not clearly separate and label his claims in the Amended Petition, the Court has used Respondent's alphanumeric identification system for convenience.

MEMORANDUM DECISION AND ORDER - 11

discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*;

**MEMORANDUM DECISION AND ORDER - 12**

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d at 1093-94 (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). If the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden of production shifts to the petitioner, who "may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). However, the ultimate burden to show adequacy and independence remains with the state. *Id.*

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently

**MEMORANDUM DECISION AND ORDER - 13**

established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

### B.      *Claims 1 and 2 Are Not Procedurally Defaulted and Will Be Decided on the Merits*

Respondent alleges that Claims 1 and 2 are procedurally defaulted. The Court disagrees.

According to Respondent, Petitioner did not raise Claim 1—that he was entitled to all of transcripts he requested—to the Idaho Supreme Court in a procedurally proper manner. However, the Idaho Supreme Court granted his request for two transcripts, and denied the request for the other ten, without citing any procedural bar. The Court assumes that the Idaho Supreme Court adjudicated Petitioner's request for transcripts on the merits, rather than basing its decision on some state procedural bar. *See Richter*, 562 U.S. at 784-85 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, *it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary*." (emphasis added)).

As to Claim 2—that Petitioner's request for the ten transcripts was denied because those transcripts were intentionally altered or hidden to avoid reviewing Judge Owen's conduct—Respondent argues that this claim was not raised at all. However, in Petitioner's state habeas petition, he expressly argued that "the Idaho Supreme Court and/or the Clerk of the Idaho Supreme Court may be attempting to hide and/or protect Judge Own [sic] from being reviewed for abuse of discretion." (State's Lodging B-11 at

**MEMORANDUM DECISION AND ORDER - 14**

1-3.) These arguments are sufficiently similar to be considered the same claim. Once again, the Idaho Supreme Court denied this claim, after construing the habeas petition as a motion for reconsideration of its partial denial of Petitioner's request for transcripts, without citing any state procedural bar. (State's Lodging at B-12.) Therefore, in accordance with United States Supreme Court precedent, it is presumed that the Idaho Supreme Court adjudicated Claim 2 on the merits. *See Richter*, 562 U.S. at 784-85 (2011). Claim 2 is not procedurally defaulted.

### C.    *Claims 3(a) and 4 Are Procedurally Defaulted and Must Be Dismissed*

#### i.    Claim 3(a) Is Procedurally Defaulted

Claim 3(a) alleges that the substitute judge, who presided over Petitioner's change-of-plea hearing, should have construed his Motion in Limine to Dismiss Criminal Complaint as a motion to disqualify Judge Owen for cause, and that the substitute judge should have granted the motion. Although the Idaho Court of Appeals considered this claim, the court rejected it on the grounds that the motion failed to comply with applicable state procedural rules and that Petitioner invited any error by failing to move to disqualify Judge Owen after being informed of his opportunity to do so by the substitute judge.

Respondent has sufficiently pleaded that the doctrine of invited error is an adequate and independent state procedural bar (Dkt. 10 at 14-15), and Petitioner has not shown otherwise. Idaho state courts "have long held that 'one may not successfully complain of errors one has consented to or acquiesced in. In other words, invited errors are not reversible.'" *State v. Atkinson*, 864 P.2d 654, 657 (Idaho Ct. App. 1993) (quoting

**MEMORANDUM DECISION AND ORDER - 15**

*State v. Caudill*, 706 P.2d 456, 460 (Idaho 1985). Idaho's invited error doctrine is adequate to support the procedural bar and independent of federal law.[8] Therefore, Claim 3(a) is procedurally defaulted.

ii.     Claim 4 Is Procedurally Defaulted

Claim 4 alleges that Petitioner's guilty plea was involuntary, based on Judge Owen's alleged conduct in "br[inging] the unauthorized documents from the Civil case into the criminal record." (Am. Pet. at 5.) However, this claim was not included in Petitioner's appellate briefing in the state courts. (*See* State's Lodging B-13.) Although Petitioner alleged that Judge Owen should have been disqualified and that he should not have used any of the civil case evidence in the criminal case, Petitioner did *not* contend that Judge Owen's actions rendered his *Alford* plea involuntary in violation of due process. Because Petitioner did not assert Claim 4 to the Idaho Supreme Court, and because there is no longer any avenue to do so, Claim 4 is procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

iii.     Petitioner Has Not Established That He Is Excused from the Procedural Default of Claims 3(a) and 4

As noted above, procedurally defaulted claims may be heard on the merits in a federal habeas corpus proceeding if a petitioner establishes cause and prejudice, or actual innocence, to excuse the default. *Schlup*, 513 U.S. at 329; *Murray v. Carrier*, 477 U.S. at 488. Petitioner does not contend that cause and prejudice exist to excuse the default.

---

[8]     For this reason, the Court need not address the Idaho Court of Appeals' other reason for rejecting Claim 3(a)—that Petitioner's motion to dismiss did not comply with state procedural rules governing motions to disqualify for cause.

**MEMORANDUM DECISION AND ORDER - 16**

Because Petitioner, in his reply brief, disputes many of Respondent's factual statements, it appears Petitioner is invoking the actual innocence exception as a basis for excusing the default of Claims 3(a) and 4. (*See* Dkt. 34.) To succeed on a *Schlup* actual innocence assertion such that the default of constitutional claims may be excused, a petitioner must show that he is *factually* innocent, not merely that the evidence against him was legally insufficient to convict. *Bousley v. United States*, 523 U.S. 614, 624 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A procedurally defaulted claim may be heard under the actual innocence exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence inquiry "does not turn on discrete findings regarding disputed points of fact,

**MEMORANDUM DECISION AND ORDER - 17**

and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner's conclusory and self-serving assertions are insufficient to meet this heavy burden. He has offered no new evidence tending to support his assertion that he is factually innocent. Therefore, the Court may not reach the merits of Claims 3(a) or 4.

### 3.    **Merits Analysis of Claims 1, 2, and 3(b)**

The Court now turns to the merits of Claim 1 and Claim 2—which the Court has concluded are not procedurally defaulted—as well as Claim 3(b)—which Respondent acknowledges was adjudicated on the merits by the Idaho Court of Appeals.

#### A.    *Standard of Law for Review of Claims Adjudicated on the Merits in State Court*

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances where the state court's adjudication of the petitioner's claim

> (1)    resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or

**MEMORANDUM DECISION AND ORDER - 18**

  (2)  resulted in a decision that was based on an
      unreasonable determination of the facts in light
      of the evidence presented in the State court
      proceeding.

28 U.S.C. § 2254(d). A state court need not "give reasons before its decision can be

deemed to have been 'adjudicated on the merits'" under § 2254(d). *Harrington v. Richter*,

562 U.S. 86, 100 (2011). A federal habeas court reviews the state court's "last reasoned

decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501

U.S. 797, 804 (1991).

   When a party contests the state court's legal conclusions, including application of

the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests:

the "contrary to" test and the "unreasonable application" test. Under the first test, a state

court's decision is "contrary to" clearly established federal law "if the state court applies

a rule different from the governing law set forth in [the Supreme Court's] cases, or if it

decides a case differently than [the Supreme Court] [has] done on a set of materially

indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

   Under the second test, to satisfy the "unreasonable application" clause of

§ 2254(d)(1) the petitioner must show that the state court—although identifying "the

correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably

applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*,

529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which

a state court unreasonably applies [Supreme Court] precedent; it does not require state

**MEMORANDUM DECISION AND ORDER - 19**

courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If there is *any* possibility that fair-minded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Richter*, 562 U.S. at 102. The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (internal citation omitted).

Though the source of clearly-established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

As to the facts, the United States Supreme Court has clarified "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). This means that evidence not presented to the state court may not be introduced on federal habeas review if a claim was adjudicated on the merits in state court, and if the underlying factual

**MEMORANDUM DECISION AND ORDER - 20**

determination of the state court was not unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

When a petitioner contests the reasonableness of the state court's factual findings, the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

The United States Court of Appeals for the Ninth Circuit has identified five types of unreasonable factual determinations that result from procedural flaws that occurred in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective," such as when a state court "makes evidentiary findings without holding a hearing"; (4) when courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim"; or (5) when "the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Taylor v. Maddox*, 366 F.3d 992, 1000-01 (9th Cir. 2004). State court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

This strict deferential standard of § 2254(d) applies to federal habeas claims except in the following narrow circumstances: (1) where the state appellate court did not

**MEMORANDUM DECISION AND ORDER - 21**

decide a properly-asserted federal claim; (2) where the state court's factual findings are unreasonable under § 2254(d)(2); or (3) where an adequate excuse for the procedural default of a claim exists. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In those circumstances, the federal district court reviews the claim de novo. In such a case, as in the pre-AEDPA era, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, if a state court factual determination is unreasonable, or if there are no state court factual findings, the federal court is not limited by § 2254(e)(1). Rather, the federal district court may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

### B.     Petitioner Is Not Entitled to Relief on Claim 1

In Claim 1, Petitioner asserts that he was constitutionally entitled to the ten transcripts that the Idaho Supreme Court determined would not be prepared and produced on direct appeal.

### i.     Clearly-Established Law

On direct appeal, indigent criminal defendants have a constitutional right to the preparation and production, at state expense, of records of the proceedings that are adequate to ensure meaningful appellate review. *Griffin v. Illinois*, 351 U.S. 12, 19

**MEMORANDUM DECISION AND ORDER - 22**

(1956) ("Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."). However, a state is not required to provide a transcript of every hearing. Rather, the defendant is entitled to a "record of sufficient completeness," which "does not translate automatically into a complete verbatim transcript" of every hearing. *Mayer v. City of Chicago*, 404 U.S. 189, 194 (1971). A "full verbatim record" on direct appeal is required only if such a record "is necessary to assure the indigent as effective an appeal as would be available to the defendant with resources to pay his own way." *Id*. at 195. The United States Supreme Court has held that the denial of a request for transcripts on appeal violates the Constitution only if the defendant demonstrates a "colorable need" for the transcripts at issue. *Id*.

>       ii.       The Idaho Supreme Court's Rejection of Claim 1 Was Reasonable

In Petitioner's motion to augment the record, Petitioner identified the transcripts requested and briefly explained what occurred during each hearing. However, there is very little in the motion that suggests a "colorable need" for the transcripts. *See Mayer*, 404 U.S. at 195. Petitioner made conclusory statements that Judge Owen presided over Petitioner's civil case and called Petitioner a "nutcase" and a liar, but Petitioner's motion did not demonstrate that those ten specific transcripts were required to ensure meaningful appellate review of his conviction or sentence. (State's Lodging B-9.) Indeed, because Petitioner pleaded guilty instead of going to trial, the only transcripts clearly necessary for appellate review of Petitioner's judicial bias claim were the change-of-plea hearing and the sentencing hearing, which the Idaho Supreme Court ordered produced. At the

**MEMORANDUM DECISION AND ORDER - 23**

very least, reasonable jurists could debate whether the motion to augment the record sufficiently established a colorable need for each of the ten transcripts. Therefore, Petitioner is not entitled to habeas relief on Claim 1. *See* 28 U.S.C. § 2254(d).

### C.   *Petitioner Is Not Entitled to Relief on Claim 2*

Claim 2 asserts that transcripts of the ten hearings that were not produced were intentionally hidden or altered by the Idaho Supreme Court or the clerk of that court. According to Petitioner, the motive for this conduct was to insulate Judge Owen's decisions from appellate review.

Although states are not constitutionally required to provide for direct appeal of criminal convictions, if they choose to do so—which every state has done—they must ensure a system that comports with due process and equal protection. *Griffin*, 351 U.S. at 18-19. An appeal in which the appellate court, or the clerk of that court, intentionally falsifies or hides records would obviously violate the Constitution.

However, Petitioner offers nothing more than his bare allegation that the transcripts were hidden or altered. There is not even a scintilla of evidence to support such an accusation. Therefore, the Idaho Supreme Court reasonably rejected Claim 2. *See* 28 U.S.C. § 2254(d).

### D.   *Petitioner Is Not Entitled to Relief on Claim 3(b)*

Claim 3(b) alleges that Judge Owen should have disqualified himself based on his having presided over Petitioner's civil case.

i.        Clearly-Established Law

Due process entitles a criminal defendant to "a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of [the] particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (internal quotation marks and citation omitted). The probability of a judge's actual bias is "too high to be constitutional tolerable" only in narrow circumstances—such as where the judge "has a pecuniary interest in the outcome" of the case or where the judge "has been the target of personal abuse or criticism" from the defendant. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). This Court must presume that Judge Owen acted with honesty and integrity, and it is Petitioner's burden to convince the Court otherwise. *See id*.

ii.        The Idaho Court of Appeals' Rejection of Claim 3(b) Was Reasonable

In considering Petitioner's claim that Judge Owen was biased against him, the Idaho Court of Appeals held that Petitioner "failed to present facts that a reasonable observer could consider in determining that affirmative recusal by the trial judge in this case was appropriate." (State's Lodging B-15 at 5.) The court noted that Petitioner "merely speculate[d]" that Judge Owen was biased because he had previously presided over Petitioner's civil case, and held that "[p]articipation in prior related proceedings alone is not a reasonable basis for questioning a judge's impartiality." (*Id*.) This holding is consistent with federal constitutional principles. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not

**MEMORANDUM DECISION AND ORDER - 25**

constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). Judge Owen was not required to recuse himself sua sponte, and the Idaho Court of Appeals' rejection of Claim 2 was not objectively unreasonable under 28 U.S.C. § 2254(d)(1). Thus, Petitioner is thus not entitled to habeas relief on that claim.

## CONCLUSION

Claims 3(a) and 4 are procedurally defaulted, and Petitioner has not established an adequate excuse for the default. All of Petitioner's remaining claims—Claims 1, 2, and 3(a)—fail on the merits. Therefore, Petitioner's habeas corpus case will be dismissed.

## ORDER

**IT IS ORDERED:**

1.    Petitioner's Motion to Reconsider (Dkt. 30) is DENIED.

2.    Petitioner's Motion to Strike (Dkt. 35) is DENIED.

3.    Petitioner's Motion for Extension of Time (Dkt. 31) is GRANTED.

4.    Respondent's Motion for Extension of Time (Dkt. 36) is GRANTED.

5.    The Amended Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED IN PART and DENIED IN PART, and this entire action is DISMISSED with prejudice.

6.    The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

**MEMORANDUM DECISION AND ORDER - 26**

§ 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **September 9, 2015**

_____
Honorable Candy W. Dale
United States Magistrate Judge